Follett, J.
This action was begun June 26, 1885, in a justice’s court to recover fifty dollars for an alleged trespass upon timber. The jury rendered a verdict for thirty dollars, upon which a judgment was entered and the defendant appealed to the county court for a re-trial, which was had, resulting in a verdict of sixty-five dollars.
The alleged trespass arose out of the following facts: One Williams cut timber on the land of one Cool, under a written contract, binding Williams to pay for it before removing it from the woods where cut. In February or March, 1884, the defendant drew from the woods and piled at the Alder Creek' station of the Utica and Black River railroad, five loads, about, ten cords of .this wood, for which service Williams agreed to pay twénty dollars. In *85 July, 1884, the plaintiff purchased the interest of Williams, and September 22, 1884, the interest of Cool in the wood at the station and in the woods. The wood remaining in the woods Cool agreed to deliver at the station, which he did, piling part of it onto the ten cords, and the remainder in piles near by.
October 15, 1884, the defendant procured from a justice of the peace a summons and attachment against Williams for the recovery of the twenty dollars, his due, and the same day he procured the attachment to be levied upon the ten cords of woods which he had drawn and piled at the station. The inventory was in the following language: “About ten cords of maple wood, or last blocks, twenty-eight inches long, estimated at three dollars per cord, thirty dollars.”
, Williams not being a resident of the county, a copy of the summons, attachment and inventory were delivered (pursuant to section 2910 of the Code of Civil Procedure), to Nicholas Arthur in whose possession, as station agent, the attached property was found.
November 7, 1884, the action was dismissed, the attachment vacated and a judgment for .costs entered against the plaintiff, because not prosecuted. The wood attached was not moved by any person, but left precisely as it was found.
The damages sought to be recovered in this action is for the deterioration of the wood by the lapse of time. The plaintiff did not hear of the attachment until March or April, 1885, and consequently he did not do or omit to do anything in respect to this wood by reason of the attachment. No actual damages having been sustained by reason of the attachment, up to this date, the plaintiff was entitled, at most, to nothing but nominal damages for the constructive trespass.
In June, 1885, the plaintiff was informed that the attachment had been vacated, and on the twenty-sixth of the same month began this action.
The court left it to the jury to find the quantity of wood attached; and it is evident from the verdict, that they must have found that more than ten cords were attached. This instruction was excepted to and the court requested to charge that damages could be recovered only for the ten cords attached; which was refused and an exception taken. This was error. The undisputed evidence was that only about ten cords were attached, and it was error to instruct the jury that they might find that more was attached. A copy of the summons, attachment and inventory were left with the station agent, and it was not the fault of this defendant that he lost the inventory and gave the *86 plaintiff incorrect information as to the amount of wood attached.
It is to be observed that November 1, 1884, defendant’s constructive trespass upon this wood ended; up to which date this plaintiff had not heard of this attachment and had sustained no damage. The court was requested to charge that damages could not be assessed for detention of this wood under this attachment, after it was vacated, November 1, 1884, which was refused, and was error.
For these errors the judgment and order are reversed, and a new trial granted, with costs to abide the event.
Martin, J., concurs; Hardin, P. J., not voting.